## STRAIGHT, INC. v DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES

Case No. 85-425

Second Judicial Circuit, Leon County

January 22, 1986

### APPEARANCES OF COUNSEL

**Anthony S. Battaglia** for plaintiff.

**Theodore E. Mack** for defendant.

### OPINION OF THE COURT

CHARLES E. MINER, JR., Circuit Judge.

Plaintiff, a drug treatment program licensed by the State, seeks a declaratory judgment that Chapter 397, F.S. does not preclude parental placement of a minor child in a drug treatment program against the wishes of the minor. The parties agree that there are no disputed issues of material fact and that the legal dispute involved is ripe for judicial determination on Plaintiff's Motion for Summary Judgment.

Plaintiff corporation is engaged in the operation of a non-profit drug rehabilitation and treatment program for youthful drug users in the State of Florida. It treats and has treated a significant number of

clients for drug use and dependency. Though a non-profit corporation, Plaintiff does charge for the treatment of its clients and does enter into a contractual relationship with the client and/or the parent or another responsible adult or agency. A substantial portion of Plaintiff's clients are under 18 years of age and are placed with the Plaintiff at the direction of the parents of the client.

From time to time clients placed in Plaintiff's program by their parents demand to be released from the program despite the contrary wishes of the parents.

Defendant, the State Department of Health and Rehabilitative Services, contends that when a minor refuses drug treatment "over a parent's wishes" that the minor may not be placed in a drug treatment program without judicial review. Plaintiff asserts (1) that a reasonable reading of Chapter 397, F.S. does not permit a minor to overrule a parental decision to place him at a drug treatment program and (2) if it does, then it cannot pass constitutional muster.

The overriding purpose and intent of Chapter 397 is to educate the general public about illicit drug usage, to treat drug abuse and dependence and to protect society from the effects of this malaise. Sec. 397.021(5) and (6) define the population targeted for treatment in terms of "drug abuser" and "drug dependent". A "drug abuser" is one "who uses, without compelling medical reason, any psycho active or mood-altering chemical substance . . . . in such manner as to induce mental, emotional or physical impairment and cause social dysfunctional behavior and (a) who is dangerous to himself or others as a result of such abuse, or (b) whose judgment has been so impaired as a result of such abuse that he cannot rationally appreciate his need for care".

A person who is "drug dependent" is one "who is dependent upon, or by reason of repeated use is in eminent danger of becoming dependent upon, any substance controlled under Chapter 893."[1]

Defendant is authorized to establish in-house treatment programs for drug dependents and to contract with other governmental or private agencies for the establishment of additional treatment facilities and programs. Sec. 397.041(1)(3). A drug dependent person who voluntarily enters an in-house or contract departmental program or facility cannot be retained in such program or facility against his will. 397.041(5). Sec. 397.052 authorizes circuit court commitment to an

---

[1] This Chapter, the so-called Florida Comprehensive Drug Prevention and Control Act, provides criminal sanctions for the use, possession and/or sale, etc. of certain drugs defined as "controlled substances".

appropriate treatment resource of drug abusers and establishes procedures to effectuate such commitment. Sec. 397.099, F.S. Sec. 397.099 removes the disabilities of non-age of minor drug abusers and/or dependents who desire rehabilitative or medical treatment. It is primarily on Secs. 397.052 and 397.099 that Defendant relies for support of its position. The Court is of the view that this reliance is misplaced.

Sec. 397.099 simply emancipates the minor drug abuser/dependent who recognizes his drug problem and is desirous of treatment and rehabilitation. It protects third parties who deal with him from his later disavowal or disaffirmance of voluntary consent previously given based upon his minority. A clear reading of this section does not support the view that it somehow restricts the right of the parent to involuntarily place the minor child in a licensed treatment program.

Sec. 397.052 simply provides that if a person, regardless of age, crosses the line established by the statute and which line separates drug dependence from drug abuse, the parent or other named person/persons may apply to the circuit court for involuntary placement of the *drug abuser* in a treatment facility or program. It does not authorize involuntary circuit court commitment of persons who are *drug dependent* nor does it purport to in any wise restrict the prerogative of the parent to place the minor child in a treatment program regardless of the minor's consent and notwithstanding that the child is a drug abuser *or* a drug dependent.[2] (Emphasis added.)

For almost a hundred years, the courts of this State have consistently recognized that "a parent, being charged with the training and education of minor children, has the right to exercise such control and to adopt such disciplinary measures as will enable discharge of the parental duty." *Marshall v. Reams*, 32 Fla. 499, 14 So. 95 (Fla. 1893); *Duval v. Hunt*, 34 Fla. 85, 15 So. 876 (Fla. 1894); *Frazier v. Frazier*, 109 Fla. 164, 147 So. 464 (Fla. 1933). Indeed, the "parents claim to authority in their own household to direct the rearing of their children is basic to the structure of our society." *Ginsberg v. N.Y.*, 390 U.S. 629 (1968).

To be sure, parental authority in the rearing of children is not absolute and may be limited by the state where that authority is exercised in an unreasonable manner or is otherwise abused. The parent who cannot or will not discharge his parental duty or does so in an illegal manner creates a void into which the state can and will

---

[2] Sec. 397.011(2) does, however, authorize the circuit court to commit any person, regardless of age, into a drug treatment program in lieu of incarceration for a criminal violation of Ch. 893, F.S.

intrude in the proper exercise of its police power. See generally Chs. 397 and 827, F.S. Parental rights to the companionship, care, custody and management of children is an important interest that warrants deference and absent a powerful countervailing interest, is protected. *Lassiter v. Department of Social Services*, 101 S. Ct. 2153, 68 L. Ed. 2nd 640 (1981).

It cannot be gleaned from Ch. 397 that the state has any "powerful countervailing interest" in limiting the legally protected and time honored prerogative of responsible, caring parents in the exercise of control over their minor children. The raison d' etre of Ch. 397 is not in any way undermined when parents who share the legislative concern about illicit drug usage find it in their own households and conclude that a drug treatment program is in the best interests of the child and family.

Implicit in the Department's argument seems to be a concern about the treatment modality utilized by some drug treatment programs. If there be such concerns, the Court need only observe that Plaintiff is licensed by the State and is, presumably, subject to de-licensure for failing to comply with state requirements or for abusing clients committed to its care.

The premises considered, it is

ORDERED and ADJUDGED as follows:

1. Plaintiff is entitled to the declaratory judgment is seeks.

2. Chapter 397 does not, by its express provisions or by implication, prevent a parent from placing a minor child in a state licensed drug treatment facility or program without consent of the child and without judicial review.